

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 31, 1963

Honorable Walter E. Wilson
County Attorney
Ector County
Odessa, Texas

Opinion No. C- 120

Re: Whether the actual
and thorough examination
required by Section 1 of
Article 4604d, V.C.S.
contemplates a complete
physical examination, or
only an examination ex-
tensive enough to deter-
mine the presence or ab-
sence of an infectious
venereal disease.

Dear Mr. Wilson:

You have requested the opinion of this office as to
the proper interpretation of the phrase "actual and thorough
examination," as used in Section 1 of Article 4604d, Vernon's
Civil Statutes. Controversy has arisen as to whether that
phrase, as used in the statute, requires a complete physical
examination, or only an examination sufficiently extensive to
determine the presence or absence of an infectious venereal
disease.

Section 1 of Article 4604d, Vernon's Civil Statutes,
is quoted below:

"Section 1. No marriage license shall
be issued unless each applicant files with the
county clerk a certificate from a duly quali-
fied physician licensed to practice medicine
and surgery in Texas, or in any state or in any
territory of the United States where applicants
may reside but who wish to marry in Texas. The
certificate shall state that the applicant has
been given an actual and thorough examination,
including a standard serologic test for syphilis.
The examination shall not have been more than
fifteen (15) days prior to the date of issuance
of such license and the certificate shall show
that the results of such examination, tests and

-599-

> history showed that the person examined was
> free from any infectious condition of syphilis.
> No physician shall issue such certificate to
> any person whom he knows or has reasons to be-
> lieve is infected with any condition of syphilis
> that would be infectious or who has any clinical
> evidence of infectious venereal disease."
> (Emphasis added)

The emphasized words above clearly reveal that the physician's certificate required by this statute is limited to the venereal diseases. If a complete physical examination were contemplated by the Legislature, the certificate of the physician would certainly have to reflect the results of that examination.

The intent of the Legislature in enacting Article 4604d is clearly expressed in the caption of the original House Bill No. 588, which may be found in Acts 51st Legislature, 1949, Ch. 547, p. 1060:

> "An Act providing for the protection of
> unborn children and the public health
> by requiring premarital examinations
> for syphilis; providing for examina-
> tions and standard serologic tests for
> applicants for marriage, and physicians'
> certificates and laboratory statements
> with respect thereto; providing for
> methods of approval of laboratories per-
> forming such tests; providing for waiv-
> ing of medical examination under certain
> conditions; providing for the accepting
> of certificates from states other than
> Texas; defining a standard serologic test
> for syphilis; nothing in the Act shall
> affect or impair existing laws on the
> subject; declaring marriage licenses to
> be invalid unless performed within
> fifteen (15) days from date of examina-
> tion; repealing all laws in conflict; and
> providing penalties for the violation
> thereof; providing a severability clause;
> and declaring an emergency."

The first sentence of the caption expresses the purpose of the enactment clearly. If the phrase "actual and thorough examination" is read in the context in which it is used, i.e., the control and prevention of syphilis for the protection of public health, its meaning is beyond dispute.

Honorable Walter E. Wilson, page 3 (C-120 )

The State Health Department, the agency responsible for the administration of this statute, has interpreted the statute as requiring only a physical examination for infectious venereal disease, and the standard serological tests for such diseases.

There being no evidence whatsoever that the Legislature intended that the words "actual and thorough examination," as used in Section 1 of Article 4604d, to mean anything more than the examination for physical evidence of infectious venereal disease, such physical examination to be conducted in connection with the standard serological tests, it is the opinion of this office that the quoted term is so limited. A County Clerk has the duty to demand the required certificate from an applicant for a marriage license, but it is beyond the power of the County Clerk to demand more than the required certificate.

## SUMMARY

The phrase "actual and thorough examination" as used in Section 1 of Article 4604b, V.C.S., contemplates only the examination for physical evidences of infectious venereal disease. A County Clerk is authorized to require only the certification as to freedom from infectious venereal disease, under the terms of Article 4604d, V.C.S.

Yours very truly,

WAGGONER CARR
Attorney General

By *Malcolm Quick*

Malcolm L. Quick
Assistant

MLQ:zt:jh

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Robert Lewis
Gilbert Hargrave
Norman Suarez

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone